Filed 10/3/13  P. v. Schauman CA3

<u>NOT</u> <u>TO</u> <u>BE</u> <u>PUBLISHED</u>

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

THIRD APPELLATE DISTRICT

(Shasta)

| | |
|---|---|
| THE PEOPLE, | C070009 |
| Plaintiff and Respondent, | (Super. Ct. No. 11F2854) |
| v. | |
| LENNART CHRISTIAN SCHAUMAN, | |
| Defendant and Appellant. | |

Defendant Lennart Christian Schauman was charged with involuntary manslaughter and battery with serious bodily injury after he punched the victim, Adam Martinez, in a nightclub, causing Martinez to fall and strike his head on the floor. Martinez died approximately two and one-half weeks later.  The jury was unable to reach a verdict on the manslaughter charge, but found defendant guilty of battery.  The trial court sentenced defendant to the midterm of three years.

Defendant makes two arguments on appeal.  The first claim is that the trial court erred in failing to grant his request for change of venue.  We shall conclude he has forfeited this claim for failure to raise it following jury selection.

1

His second claim is that there was insufficient evidence for the trial court to instruct the jury with CALCRIM No. 371, which informed the jury it could consider an attempt by the defendant to create false evidence or obtain false testimony. This instruction was based upon testimony given by defendant and his friend Anshul Khetarpal. We shall conclude there was a factual basis for the instruction, and shall affirm the judgment.

## FACTUAL AND PROCEDURAL BACKGROUND

On April 24, 2009, defendant and his girlfriend at the time, Kathie Willoughby, attended a barbecue together. Defendant's friend Khetarpal was also at the barbecue. Later in the evening, the three of them, together with a friend of Willoughby's, took a cab to Club Ice. According to defendant while they were at the club he saw Martinez approach Willoughby and get very close to her. He thought that Willoughby was being assaulted and that he needed to "go address the situation." He went to Martinez, grabbed him by the shoulder to spin him around, and punched him on the right side of his face. Martinez fell to the floor. Defendant grabbed Willoughby's hand and started to leave. They were stopped and detained by a bouncer. Defendant admitted to the bouncer that he hit Martinez, and apologized for causing any problems.

Martinez died on May 14, 2009. His death was the result of trauma from hitting his head on the floor when he fell.

## DISCUSSION

### I
### Change of Venue Claim Forfeited

Defendant filed a change of venue motion prior to jury selection. The morning before jury voir dire, the trial court denied the motion without prejudice to its renewal if problems were encountered during jury selection. The change of venue motion was not renewed after jury voir dire.

2

" '[W]hen a trial court initially denies a change of venue motion without prejudice, a defendant must renew the motion after voir dire of the jury to preserve the issue for appeal. Here, although expressly invited by the court to renew the motion after jury selection, defendant failed to do so.' [Citations.]" (*People v. Maury* (2003) 30 Cal.4th 342, 388-389, quoting *People v. Williams* (1997) 16 Cal.4th 635, 654-655.) As in *People v. Maury,* the trial court informed defendant he could renew the motion after jury selection if a problem arose. Accordingly, defendant's claim is forfeited on appeal for failure to renew the motion following jury voir dire.

## II
### There Was Sufficient Evidence for CALCRIM No. 371 Instruction

Defendant claims the trial court erred when it gave CALCRIM No. 371 because there was insufficient evidence to support the instruction. The instruction, relating to consciousness of guilt, informed the jury:

> "If the defendant tried to create false evidence or obtain false testimony, that conduct may show that he was aware of his guilt. If you conclude that the defendant made such an attempt, it is up to you to decide its meaning and importance; however, evidence of such an attempt cannot by itself prove guilt.

> "If someone other than the defendant tried to create false evidence or provide false testimony, that conduct may show the defendant was aware of his guilt but only if the defendant was present and knew about that conduct or, if not present, authored the other person's actions. It is up to you to decide the meaning and importance of this evidence; however, evidence of such conduct cannot prove guilt by itself."

The instruction was requested by the prosecution. "A party is entitled to a requested instruction if it is supported by substantial evidence." (*People v. Ross* (2007) 155 Cal.App.4th 1033, 1049.) Substantial evidence is evidence that a reasonable jury could find persuasive. (*Id*. at p. 1050.) On the other hand, "[i]t is error to give an

3

instruction which, while correctly stating a principle of law, has no application to the facts of the case. [Citation.]" (*People v. Guiton* (1993) 4 Cal.4th 1116, 1129.)

The instruction here was based upon the testimony of Khetarpal. He testified that at the time of the offense he and defendant were best friends. He recalled getting to Club Ice from the barbecue by taxi. He had a few drinks before going to the club. He continued to drink at the club. He recalled seeing Willoughby in an uncomfortable situation, and said she had a struggle with someone. He then saw defendant walking over toward Willoughby and Martinez. He turned around, so he did not see defendant strike Martinez.

Following the incident, defendant was detained in front of the club. He estimated he was there for at least 15 minutes waiting for police to arrive. He testified that while he was waiting for police he saw Khetarpal in the parking lot. The 911 call from Club Ice was received at 1:13 a.m. on April 25. Police arrived on the scene at 1:16 a.m.

At 12:53 a.m. a 911 call was received from the Vagabond Inn located about two blocks from Club Ice. Police officers arrived at the Vagabond Inn at 12:58 a.m., where they found Khetarpal knocking on the door of one of the rooms. Khetarpal was placed under arrest for public intoxication at 1:00 a.m. He was transported to Shasta County jail. He ended up in a holding cell with defendant.

The incident at Club Ice was captured on video, and the video was played for the jury. The prosecutor argued that the video showed the 911 call being made. Working back in time from the 911 call, which was placed at 1:13 a.m., the prosecutor argued that the punch was thrown between 1:08 a.m. and 1:10 a.m. She then argued that Khetarpal could not have witnessed the actions of Martinez and Willoughby just prior to the punch because he had already been arrested at the Vagabond Inn. She then argued:

> "So, if you believe that the defendant sat in that holding cell
> with his buddy Anshul, told him what happened, and Anshul
> just happened to, 45 days after the incident, tell Officer Hyatt
> that he saw Kathie being uncomfortable and having to shove

4

Adam away, that would be pretty helpful to his side of the story which no one else saw."

Khetarpal admitted discussing the case with defendant before Martinez died, but said he had not discussed the case with defendant since Martinez's death. Defendant, on the other hand, testified he had never discussed the case with Khetarpal.

In ruling on the instruction, the trial court concluded that each side had circumstantial evidence from which it could argue the question. The prosecution had the fact that Khetarpal was already in custody when defendant came into the jail, the inference that Khetarpal was not present when the punch occurred, and the fact that defendant and Khetarpal were best friends. The defense had the inference that defendant and Khetarpal would not create a conspiracy to lie when it was a documented fact that they had been in custody at the same time. The court decided to give the instruction because it would establish the rules by which the jury would consider the evidence without assuming that defendant tried to create false evidence or obtain false testimony.

Defendant argues it was error to give the instruction because "there was no evidence whatsoever that [defendant] conspired with [Khetarpal] to fabricate testimony. They were simply in the same holding cell after the incident at Club Ice and both denied discussing the incident." Apparently, defendant's argument is that the instruction may not be given unless there is direct evidence of a conspiracy to fabricate testimony. This is incorrect. All that is required is some evidence that, if believed by the jury, would support an inference that there was an agreement to fabricate testimony. (*People v. Coffman and Marlow* (2004) 34 Cal.4th 1, 102.)

Such circumstantial evidence was present in this case because the jury could have inferred from the timeline of Khetarpal's arrest vis-à-vis the punch leading to Martinez's death that Khetarpal's testimony was fabricated. The jury further could have inferred that Khetarpal and defendant conspired to present this fabricated testimony from the facts: (1) that they were in the same holding cell at the same time, (2) that their testimonies

5

were not in agreement as to whether they had discussed the case, and (3) that they were best friends.  This was sufficient evidence to support the instruction.

DISPOSITION

The judgment is affirmed.


                                            __BLEASE_____, Acting P. J.


We concur:


        __MAURO_____, J.


        __MURRAY_____, J.